New Jersey Department of Labor,
Workmen's Compensation Bureau.

LILLIAN PHILLIPS SMITH, PETITIONER, v. CITY OF PATERSON, RESPONDENT.

Decided May 4, 1939.

For the petitioner, *Nathan Rabinowitz.*

For the respondent, *Salvatore D. Viviano.*

\*      \*      \*      \*      \*      \*      \*

I find from the proofs that in the early morning of May 8th, 1934, the deceased, William Smith, while acting as a member of the fire department of the city of Paterson, sustained injuries arising out of, and in the course of, his said employment, at a fire occurring in St. Bonaventure Hall; that he was removed to St. Joseph's Hospital with bodily injuries and in shock; that for a considerable length of time before this accident, the deceased had some prostate trouble, of which frequency of urination was the symptom; that the deceased, after his admission to the hospital, and at about eight o'clock in the morning of the same day, was catheterized on account of a retention of urine, that a urinalysis was thereupon taken, and the urine found to be clear and sterile; that a second urinalysis was made two or three days later, and the urine again found to be clear, save for a few pus cells common in urine and of no special significance or importance; that the patient continued at the hospital for a time, and was then removed to his home, at both places being under the care of Dr. Lawrence B. Boylan, his family physician; at his home, he complained of urinary trouble, and on June 2d, 1934—just

over three weeks after the accident—Dr. Boylan called in Dr. Richard J. MacDonald, a urologist, who at once took a urinalysis, and found the urine to be loaded with pus and to contain blood, and who found also burning and painful urination; that thenceforth continued catheterization became necessary; and that on April 22d, 1937, Dr. Sidney Le Vine operated on the patient at the Paterson General Hospital, performing a prostatectomy, and found that he was suffering from a prostatitis and a cystitis, and that both conditions were due to infection. On the following day, the patient died.

All the doctors, as well for the respondent as for the petitioner, agree that catheterization is an accepted agent for setting up, in due sequence, inflammation, prostatitis and cystitis. The attending physicians, Drs. Richard J. MacDonald, Sidney Le Vine and A. Hobson Davis, concurred in the opinion that in all probability (there being no proof of any earlier catheterization or any earlier infection) that the catheterization of May 8th, 1934, at St. Joseph's Hospital, introduced bacteria into the prostate and bladder, and set up the prostatitis and cystitis subsequently found. All the medical testimony ran to the effect that a period of time—several days—elapse between the infection and the first manifestation of it, and that the condition soon thereafter appears, which Dr. MacDonald found on or about June 3d, 1934—urine loaded with pus cells and containing blood and the urination bloody and painful.

I find and determine that the petitioner has proven, by the weight of the evidence, the chain of events which followed and resulted from the accident—catheterization, with resulting infection, in the hospital, and in turn prostatitis, cystitis, the operation, and death.

The contributory cause of his death, although he had myocarditis, was the operation and the shock of it, and prostatectomy and cystitis.

The death was the result of the accident, and the petitioner is entitled to an award.

\*   \*   \*   \*   \*   \*   \*

CHARLES E. CORBIN,
*Deputy Commissioner.*